### John F. URSCHEL
#### v.
### UNITED STATES of America and Elias Burden.
#### Civ. No. 1450.

United States District Court
N. D. Indiana, South Bend Division.

Oct. 19, 1956.

George Stevens, Plymouth, Ind., Doran & Manion, South Bend, Ind., for plaintiff.

Graham W. McGowan, Asst. U. S. Atty., South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. founded upon a complaint to which the defendant, United States of America, has filed an answer in admission and denial and alleging, inter alia, that the plaintiff was guilty of contributory negligence. No appearance was entered for the defendant, Elias Burden, and no answer was filed by him.

Upon the issues thus joined the cause was tried to the court and it is the cause on the merits which now solicits the decision of the court, and as the findings of fact and conclusions of law will appear in this opinion, it will be filed and will so serve.

The plaintiff is a resident of and the injury occurred in Marshall County, Indiana, which is in the South Bend Division of the Northern District of Indiana. As to whether the court is without jurisdiction because there is no diversity of citizenship between the plaintiff and the defendant, Elias Burden, is a question which will not require decision by this court.

The facts are that on January 10, 1951, the plaintiff was engaged in the general farming business and owned a 200 acre farm in Marshall County, Indiana, on which Carl Shively was the tenant and which was operated on a 50-50 basis.

That he, with his brother Charles, had owned the elevator at Tippecanoe, Indiana, which they sold in 1946, and for 33 years, from 1913 to 1946, he had run that elevator.

That the plaintiff and his tenant needed some shelled corn to feed to the cows and chickens and arranged to purchase it from the Commodity Credit Corporation. On January 10, 1951 the tenant drove a truck to the bins of the Commodity Credit Corporation and under the upper end of the auger type grain loader, and as the grain loader was conveying the shelled corn from a tank filled with shelled corn from the bins into the truck, the plaintiff went over to the tank, reached into the tank with his right hand to get a handful of shelled corn to see if it was moldy or not and got his fingers caught in the conveyor and was injured.

As the undisputed evidence discloses that the plaintiff had to run his hand down into the shelled corn some 10 or 12 inches to come in contact with the moving auger in the conveyor and when he did so he knew the conveyor was in operation, we thus have a situation of a man thoroughly acquainted with farming machinery and with the operation of a grain elevator, as the result of 33 years experience, and thereby being familiar and conversant with grain elevator machinery and the dangers incident to the operation thereof, running his hand deep into a tank of shelled corn in which the conveyor was located and operating and injuring himself. Such conduct is not that of a reasonably careful and prudent person under such circumstances and did not only constitute negligence which was a proximate cause of the injury but, in the opinion of this court, constituted negligence which was the sole proximate cause of the plaintiff's injury.

This court does, therefore, conclude that the plaintiff was guilty of contributory negligence and is barred from recovery.

The clerk will enter judgment that the plaintiff take nothing by reason of his complaint at the costs of the plaintiff.